TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|                          |   |                  |
|--------------------------|---|------------------|
| OPINION                  | : |                  |
|                          | : | No. 97-1209      |
| of                       | : |                  |
|                          | : | May 28, 1998     |
| DANIEL E. LUNGREN        | : |                  |
| Attorney General         | : |                  |
|                          | : |                  |
| ANTHONY M. SUMMERS       | : |                  |
| Deputy Attorney General  | : |                  |
|                          | : |                  |

_____

THE HONORABLE TOM J. BORDONARO, JR., MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

When a tentative map has been validly "deemed approved" under the Subdivision Map Act by the failure of the legislative body of a city or county to take timely action to approve, conditionally approve, or disapprove it, is such map entitled to be treated in the same manner as a tentative map that has been approved by a vote of the legislative body?

CONCLUSION

When a tentative map has been validly "deemed approved" under the Subdivision Map Act by the failure of the legislative body of a city or county to take timely action to approve, conditionally approve, or disapprove it, such map is entitled to be treated in the same manner as a tentative map that has been approved by a vote of the legislative body, provided that the map complies with all applicable provisions of the Subdivision Map Act and local ordinances enacted thereunder.

ANALYSIS

The Subdivision Map Act (Gov. Code, §§ 66410-66499.37; "Act") **Footnote No. 1** provides the legislative body of a city, county, or city and county, with the power to regulate the design and improvement of subdivisions within its jurisdiction. (See *The Pines* v. *City of Santa Monica* (1981) 29 Cal.3d 656; *Associated Home Builders, Inc.* v. *City of Walnut Creek* (1971) 4 Cal.3d 633; *Benny* v. *City of Alameda* (1980) 105 Cal.App.3d 1006.) A person proposing a subdivision creating five or more parcels must prepare and obtain approval of both a tentative and final

subdivision map. (§ 66426.) The tentative map must be considered and approved, conditionally approved, or disapproved by either an advisory agency authorized to make the decision, or by the legislative body, within specified time limits. (§ 66452.2.) When these time limits are not met, the tentative map is "deemed approved" under the terms of section 66452.4:

"If no action is taken upon a tentative map by an advisory agency which is authorized by local ordinance to approve, conditionally approve, or disapprove the tentative map or by the legislative body within the time limits specified in this chapter or any authorized extension thereof, the tentative map as filed, shall be deemed to be approved, insofar as it complies with other applicable requirements of this division and local ordinance, and it shall be the duty of the clerk of the legislative body to certify or state his or her approval."

We are asked whether a tentative map that has been validly **Footnote No. 2** "deemed approved" because it was not approved, conditionally approved, or disapproved by timely action of the legislative body of a local agency is entitled to the same treatment as a map that has been approved in a timely manner. We conclude that a deemed approved map is entitled to equal treatment provided that it complies with all applicable requirements of the Act and local ordinances enacted thereunder.

We note initially that a tentative map that has been approved or conditionally approved generally expires 24 months after approval or conditional approval. (§ 66452.6, subd. (a).) An approved or conditionally approved map may be extended for various reasons, which may result in the map having a life of over 10 years. (See *Griffis* v. *County of Mono* (1985) 163 Cal.App.3d 414, 428.) Extensions of tentative maps are authorized by sections 66452.6, 66452.11, 66452.13, and 66463.5, and each of these statutes refers to extensions of approved or conditionally approved maps. For example, subdivision (c) of section 66463.5 provides:

"Upon application of the subdivider filed prior to the expiration of the approved or conditionally approved tentative map, the time at which the map expires may be extended by the legislative body or by an advisory agency authorized to approve or conditionally approve tentative maps for a period or periods not exceeding a total of five years. . . ."

No express mention is made in these statutes of a "deemed approved" map. Is such a map eligible for equal treatment by being included within these statutes as an "approved" tentative map?

In interpreting the Act, we rely on well-established principles of statutory construction. The words of a statute are to be given "their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) When "statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 73.) The plain meaning of words in a statute may be disregarded only when that meaning is "'repugnant to the general purview of the act,' or for some other compelling reason. . . ." (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 219.)

The term "deemed approved" with respect to a tentative map plainly means that the map is to be considered as having been approved. The words "deemed" and "considered" are

synonymous. (See Webster's Third New Internat. Dict. (1971) pp. 483-484, 589.) That being the case, there is no reason why a "deemed approved" map should not be treated in the same manner as one that has actually been approved. Courts have determined that "deemed approval" is the legal equivalent of actual approval in a variety of circumstances. (See *Ciani* v. *San Diego Trust & Savings Bank* (1991) 233 Cal.App.3d 1604, 1613 ["a 'deemed approved' permit is a permit which bears all the legal entitlements of a tangible permit issued by the agency"]; *Orsi* v. *City Council* (1990) 219 Cal.App.3d 1576, 1588; *Griffis* v. *County of Mono*, *supra*, 163 Cal.App.3d at 428-429; see also 62 Ops.Cal.Atty.Gen. 233, 243 (1979).)

Section 66452.4, however, specifies that a tentative map is deemed approved only "insofar as it complies with all applicable requirements of [the Act] and local ordinance." Accordingly, a tentative map must conform to all applicable provisions of the Act and local ordinances enacted pursuant thereto if it is to qualify as being deemed approved under the statute. (See *Pongputmong* v. *City of Santa Monica* (1993) 15 Cal.App.4th 99, 105; *Ciani* v. *San Diego Trust & Savings Bank*, *supra*, 233 Cal.App.3d at 1618-1620; *Great Western Sav. & Loan Assn.* v. *City of Los Angeles* (1973) 31 Cal.App.3d 403, 408-410.)

We conclude that when a tentative map has been validly deemed approved under the Act by the failure of the legislative body of a city or county to take timely action to approve, conditionally approve, or disapprove it, such map is entitled to be treated in the same manner as a tentative map that has been approved by a vote of the legislative body, provided that the map complies with all applicable provisions of the Act and local ordinances enacted thereunder.

\* \* \* \* \*

---

**Footnote No. 1**
All references to the Government Code hereafter will be by section number alone.
**Footnote No. 2**
We assume that the approval has met constitutional requirements such as prior notice and hearing. (See *Horn* v. *County of Ventura* (1979) 24 Cal.3d 605, 612-616; *Selinger* v. *City Council* (1989) 216 Cal.App.3d 259, 270.)

---