[No. A110171. First Dist., Div. Five. May 18, 2006.]

THOMAS MAHON, Plaintiff and Appellant, v.
COUNTY OF SAN MATEO et al., Defendants and Respondents.

## Counsel

The Zumbrun Law Firm, Ronald A. Zumbrun, Kevin D. Koons and G. Braiden Chadwick for Plaintiff and Appellant.

Thomas F. Casey III, County Counsel, and Kimberly A. Marlow, Deputy County Counsel, for Defendants and Respondents.

## Opinion

**JONES, P. J.**—Thomas Mahon (Mahon) appeals from a summary judgment entered against him, denying his request for a judicial declaration that his development permit applications were deemed approved under the Permit Streamlining Act (Act) (Gov. Code, § 65920 et seq.).[1] He contends the trial court erred in finding that the notice given by respondent County of San Mateo (County) was not the "public notice required by law" necessary for deemed approval under the statute. We will affirm the judgment.

### I.   FACTS AND PROCEDURAL HISTORY

In February 1999, Mahon applied to the County for design review permits to construct a single-family home on each of two adjacent lots, located at 284 and 286 Second Street in Montara, California. The design applications were assigned reference numbers PLN1999-00215 (for 284 Second Street) and PLN1999-00015 (for 286 Second Street).

---

[1] Unless otherwise indicated, all further section references are to the Government Code.

In March and April 1999, the County determined that each project was exempt from environmental review under the California Environmental Quality Act (CEQA). (See Pub. Resources Code, § 21000 et seq.) This started the 60-day period for the County to approve or disapprove the projects. (See § 65950, subd. (a)(4).) Within this period, County planning staff conditionally approved the permits.[2]

While final approval of the design review permits was pending in July 1999, Mahon applied to the County for two building permits, which were assigned reference numbers BLD1999-00710 (for 284 Second Street) and BLD1999-00695 (for 286 Second Street).

In October 1999, however, County staff concluded that Mahon's neighboring property owners had not been given proper notice of the two design permit applications: although the County had caused notices to be posted on the project sites, no notice had been mailed to the neighboring property owners. State law, as well as County policy and practice at the time, required such notice. (See §§ 65091, subd. (a)(3), 65905, subd. (b).) County staff voided the prior conditional staff approvals, pending mailed notice of the project to neighboring property owners.

On October 22, 1999, the County mailed a notice of each design review application to property owners within 300 feet of the project sites. The notices identified the location and description of the projects, including the assessor's parcel numbers of the lots and the proposed size of the homes.

Two days later, the County caused public notices to be posted on the project sites. The notices for each project identified both the design review permit application and the building permit application. They also described the location of the projects, the proposed square footage, height, and exterior surface of each project, and the date by which comments had to be submitted to the design review officer.

Neither the mailed notices nor the posted notices advised that the permits would be deemed approved if the County failed to act within a specified time period. (See § 65956, subd. (b) [permit not approved or disapproved within statutory time period will be deemed approved if public notice given as required by law].) Nor did they specify a deadline for taking an appeal.

---

[2] Under County zoning ordinances in effect at the time of Mahon's application, design review permits were initially approved or denied at the staff level by the County planning director, as design review administrator, or his appointee. This staff-level decision could be appealed to the San Mateo County Planning Commission (Planning Commission), whose decision could in turn be appealed to the San Mateo County Board of Supervisors (Board).

Beginning no later than early November 1999, the County received numerous objections to the projects from neighbors and the Mid-Coast Community Council, complaining that the proposed houses were too large for the lots and neighborhood and did not meet County design review standards.

County planning staff nevertheless issued a conditional approval of the 284 Second Street project (PLN 1999-00215) on or about October 10, 2000. Two weeks later, neighbors appealed the decision to the Planning Commission. The Planning Commission granted the appeal on January 10, 2001, reversing the planning staff's conditional approval on the ground that the project did not comply with design review standards. Mahon appealed this decision to the Board, who remanded the matter to the Planning Commission on August 14, 2001, for consideration of a redesign of the project.

Over two years passed. Attempting a new tact, Mahon hired an attorney who, on February 11, 2004, sent a letter to the County contending that the permit applications had already been deemed approved under the Act. (See § 65920.) Specifically, it was claimed, the applications became approved as a matter of law when the County failed to approve or disapprove them within the 60-day period set forth in section 65950—either on October 13, 2001 (60 days after the Board remanded the permit application back to the Planning Commission) or September 9, 2002 (60 days after Mahon submitted the last set of revised plans). The County responded that the projects were not deemed approved, because Mahon had not provided the required notice to the County or to the public for deemed approval. (§ 65956, subd. (b).)

On or about April 14, 2004, the Planning Commission again denied the design permit for 284 Second Street (PLN 1999-00215), and Mahon appealed the decision to the Board. The record indicates that this appeal was scheduled to be heard in February 2005. We have not been advised of any ruling.

The fate of the design review for *286* Second Street (PLN 1999-00015) was ultimately the same. The County again provided notice of this project by mail to neighboring property owners. In April 2004, County staff conditionally approved the project, Mahon's neighbors appealed to the Planning Commission, and on November 11, 2004, the Planning Commission overturned the staff decision and denied the design permit. Mahon appealed the Planning Commission decision to the Board. We have not been informed of any action by the Board on this project either.

In June 2004, meanwhile, Mahon sued the County and the Board in San Mateo County Superior Court. Mahon asserted a single cause of action for declaratory relief, seeking a judicial declaration that his design review permit applications were deemed approved by operation of law under the Act.

Respondents brought a motion for summary judgment, contending that Mahon was not entitled to relief as a matter of law because the public notice required by the Act had not been provided. The trial court granted the motion and entered judgment against Mahon.

This appeal followed.

## II.  *DISCUSSION*

Mahon argues that the court erred in granting summary judgment against him, because the County's public notice of the projects did, in fact, constitute the "public notice required by law" necessary for deemed approval. The parties agree that the material facts are undisputed for purposes of this appeal—in other words, there is no triable issue of material fact—and we must determine whether the County was entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)

We begin with an overview of the Act. We then ascertain the meaning of "public notice required by law," based on the statutory language.

### A.  *Background of the Permit Streamlining Act*

The Act was enacted in 1977, when the California Legislature added chapter 4.5, entitled "Review and Approval of Development Projects," to the Government Code, commencing with section 65920. (Stats. 1977, ch. 1200, § 1, p. 3993; see *Selinger v. City Council* (1989) 216 Cal.App.3d 259, 265 [264 Cal.Rptr. 499] (*Selinger*).) The Act's purpose is to "ensure clear understanding of the specific requirements which must be met in connection with the approval of development projects and to expedite decisions on such projects." (§ 65921.) The term "development" is defined broadly (§ 65927), and the parties in this matter do not dispute that Mahon's projects fall within the statutory definition.

■ The Act sets forth time limitations for the approval or disapproval of a project. (E.g., § 65950.) As relevant here, an agency generally must approve or disapprove a project within 60 days after its determination that the project is exempt from CEQA. (§ 65950, subd. (a)(4).) It is undisputed that the County did not meet this deadline.

■ To encourage prompt resolution of permit applications, the Act provides that an application will be deemed approved if not acted upon within the statutory time period. As originally enacted, section 65956, subdivision (b), declared: "In the event that a lead agency or a responsible agency fails to act to approve or to disapprove a project within the time limits required by this article, such *failure to act shall be deemed approval* of the development project." (Stats. 1977, ch. 1200, § 1, p. 3996, italics added.) In its original form, therefore, the Act did not expressly provide that deemed approval was contingent on the occurrence of "public notice required by law."

This changed after due process concerns over the deemed approval process were raised in *Palmer v. City of Ojai* (1986) 178 Cal.App.3d 280 [223 Cal.Rptr. 542] (*Palmer*). There, the applicable agency had failed to act on a developer's applications for a subdivision permit, conditional use permit, and building permit. (*Id.* at pp. 284–285.) The trial court denied the developer's petition for a writ compelling the agency to issue the permits, agreeing with the agency that the "deemed approv[ed]" provisions of section 65956, subdivision (b), were unconstitutional because they did not provide for notice and hearing for neighbors. (178 Cal.App.3d at pp. 289–290.) The appeals court reversed, concluding that the agency could not use its own failure to provide notice to landowners to invalidate the statute. (*Id.* at pp. 291–292.) The decision in *Palmer*, therefore, turned not on whether the deemed approval of a permit would violate the neighboring landowners' property interests or due process rights, but on whether a city could insulate itself from the deemed approval provisions on the grounds of a constitutional violation it purportedly created.

In express response to *Palmer*, the Legislature in 1987 added the public notice requirements now found in section 65956, such that a permit is deemed approved "only if the public notice required by law has occurred." (§ 65956, subd. (b); see Stats. 1987, ch. 985, § 5, pp. 3298–3299; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1486 (1987–1988 Reg. Sess.) as amended Aug. 28, 1987; *Selinger, supra,* 216 Cal.App.3d at p. 265, fn. 3 [1987 amendment to section 65956 was made in "tacit recognition of the due process problems inherent in the deemed approval provisions"].)

Thus, subdivision (b) of section 65956 now begins: "In the event that a lead agency or a responsible agency fails to act to approve or to disapprove a development project within the time limits required by this article, the failure to act shall be deemed approval of the permit application for the development project. *However, the permit shall be deemed approved only if the public notice required by law has occurred.*" (Italics added.)

Because other statutes or practice may require the agency to give certain notice to neighboring landowners of a permit application anyway, it is possible the agency would also include the "public notice required by law" for deemed approval in that same notice. But if the agency fails to do so, the statute permits the applicant to ensure the potential for deemed approval by sending out the "public notice required by law" itself. The next part of section 65956, subdivision (b) reads: "If the applicant has provided seven days advance notice to the permitting agency of the intent to provide public notice, then no earlier than 60 days from the expiration of the time limits established by Sections 65950 and 65952, *an applicant may provide the required public notice* using the distribution information provided pursuant to Section 65941.5." (Italics added.)[3]

The remaining sentences of subdivision (b), section 65956, describe what the *applicant* must include when it undertakes to provide the "public notice required by law" for deemed approval, including "a statement that the project shall be deemed approved if the permitting agency has not acted within 60 days." (§ 65956, subd. (b).) The balance of section 65956, subdivision (b) states: "*If the applicant chooses to provide public notice, that notice* shall include a description of the proposed development substantially similar to the descriptions which are commonly used in public notices by the permitting agency, the location of the proposed development, the permit application number, the name and address of the permitting agency, and *a statement that the project shall be deemed approved if the permitting agency has not acted within 60 days.* If the applicant has provided the public notice required by this section, the time limit for action by the permitting agency shall be extended to 60 days after the public notice is provided. If the applicant provides notice pursuant to this section, the permitting agency shall refund to the applicant any fees which were collected for providing notice and which were not used for that purpose." (Italics added.)

---

[3] Alternatively, the applicant may petition for a writ of mandate compelling the agency to provide the requisite notice. (§ 65956, subd. (a).) In the matter before us, Mahon did not undertake to provide the required notice to neighboring landowners, or seek a writ of mandate to compel the County to do so. Mahon contends this was unnecessary, because the notice posted and mailed by the County in itself provided the "public notice required by law" for deemed approval.

In the matter before us, the question is whether "a statement that the project shall be deemed approved if the permitting agency has not acted within 60 days" must also be included in public notice provided by the *agency*; that is, whether this statement is a necessary part of the "public notice required by law" for deemed approval.

No published decision has resolved this precise issue, although the parties discuss at length two cases that addressed related issues under the Act. In *Selinger, supra,* 216 Cal.App.3d 259, the trial court had required a city council to acknowledge that Selinger's tentative tract map was deemed approved, since the council had failed to act on his application to develop a parcel as a residential subdivision. (*Id.* at pp. 263–264.) The Act as it read when Selinger filed his application—*before* the 1987 amendment—did not require notice to neighboring landowners, and the city argued (akin to the city in *Palmer*) that landowners have a constitutional right to due process relating to adjudicatory decisions of the city. (*Selinger,* at pp. 265–266, 273.) Noting that our Supreme Court required landowners to be given reasonable notice and an opportunity to be heard before they were deprived of a significant property interest (see *Horn v. County of Ventura* (1979) 24 Cal.3d 605 [156 Cal.Rptr. 718, 596 P.2d 1134] (*Horn*)), the court in *Selinger* concluded that "the Permit Streamlining Act *was* unconstitutional insofar as it led to approval of applications for development without provision for notice and a hearing to affected landowners." (*Selinger, supra,* at p. 274, italics added.) The *Selinger* court observed, however, that the "recent amendments to the Permit Streamlining Act . . . resolve the constitutional issue for all current applications for development." (*Id.* at p. 274, fn. 8.) This observation does little to resolve the matter before us now: the fact that the phrase "public notice as required by law" reflects the due process concerns in *Horn* does not identify what specific wording or type of notice the phrase requires.

*Ciani v. San Diego Trust & Savings Bank* (1991) 233 Cal.App.3d 1604 [285 Cal.Rptr. 699] (*Ciani*) involved the postamendment Act, but not the issue we now address. There, a trust wanting to demolish buildings on its land applied to the city for a demolition permit and coastal development permit. The city did not act on either application, and the trust claimed the permits were deemed approved. In describing the terms of the Act, the court in *Ciani* stated: "A condition to this 'deemed approval' . . . is that (a) the applicant [must] give the agency 7 days' notice of its intent to give public notice, and (b) the applicant [must] then give *public notice* (if the *agency* declines or omits to do so), not earlier than 60 days from the expiration of the time period in question, that *the project is to be approved at the expiration of the 60-day period if the agency has not acted.*" (*Ciani, supra,* at p. 1609, italics added.) This language implies that a warning of the possibility of deemed approval must be included whether the applicant *or* the agency provides the public notice. This was not, however, the issue before the court, since the

trust (applicant) was the one who had sent out the public notice, and the notice had included an admonishment about deemed approval. Thus, while other issues tackled by the court in *Ciani* have greater relevance to the matter before us (see *post*), *Ciani* did not decide what notice an agency must provide before a permit may be deemed approved under the Act.

In sum, we are confronted with the following: (1) a project cannot be deemed approved without "public notice required by law," but section 65956 does not define what "public notice required by law" means; (2) the statute specifies an *applicant's* notice must advise that the application will be deemed approved unless acted upon within the statutory time period, but the statute does not specify what is to be included when the *agency* gives notice.

### B. *Statutory Meaning of "Public Notice Required By Law"*

■ Questions of statutory interpretation are matters of law on which we exercise our independent judgment to discern the intent of the Legislature. (*Selinger, supra,* 216 Cal.App.3d at p. 267.) We begin with the statutory language, according each word a commonsense meaning based on the language used and the evident purpose of the statute. (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775 [72 Cal.Rptr.2d 624, 952 P.2d 641].) If the language is unambiguous, there is no need for judicial construction. (*Ibid.*) If the language is susceptible to more than one reasonable meaning, we turn to standard rules of statutory construction and consider other indicia of legislative intent, including the statutory scheme, legislative history and purpose, and public policy. (See *id.* at p. 776.) We also remain mindful that a statute is presumed to be constitutional. (*Selinger, supra,* at p. 272.) Thus, if subject to more than one reasonable interpretation, the statute will be construed in a manner upholding its constitutionality. (See *Methodist Hosp. of Sacramento v. Saylor* (1971) 5 Cal.3d 685, 691 [97 Cal.Rptr. 1, 488 P.2d 161].)

#### 1. *Statutory Language*

■ Section 65956, subdivision (b), precludes deemed approval without "public notice required by law." Because the statute places no restriction on the word "law," it must encompass the provisions and judicial interpretation of section 65956 itself, statutes *besides* section 65956 (such as those requiring notice of the pending application), and the federal Constitution (including due process concerns). We will start with section 65956.

■ Although section 65956 does not expressly define "public notice required by law," it does specify what "public notice" is necessary for deemed approval when sent out by the applicant: "If the applicant chooses to

provide *public notice, that notice* shall include . . . *a statement that the project shall be deemed approved if the permitting agency has not acted within 60 days. . . .*" (§ 65956, subd. (b), italics added.) It is plain, therefore, that an applicant must include this statement as part of the public notice he undertakes to provide.

█ We see no reason why the Legislature would require an applicant to send out anything *more* than "public notice required by law" where the statute's only express prerequisite for deemed approval is "public notice required by law." Therefore, the statute's requirement that an applicant's notice include a warning of the potential for deemed approval must have been considered part of "public notice required by law." Similarly, although the statute does not expressly identify what the notice would have to include to constitute "public notice required by law" if sent out by the agency, we see no reason why "public notice required by law" would mean one thing if notice is provided by the agency and another if provided by the applicant.

Mahon argues that the cautionary statement must be provided only when the applicant sends out the notice, because the requirement is mentioned only when specifying what notice the applicant must provide. When public notice is provided by the agency, he maintains, the content of the notice depends instead upon whatever provision of law would otherwise require the agency to give notice—in this instance, the County's own ordinances and any procedural due process requirements, which, he insists, would not include warning of deemed approval.

Mahon's argument is unpersuasive. The fact that the Legislature chose to spell out what constitutes "public notice required by law" when the applicant sends out the notice does not suggest that the Legislature intended a different standard—let alone a less stringent one—if the agency sends it out. In the absence of any definition of "public notice required by law" if sent out by the agency, it is reasonable to infer that it entails what the phrase means when *public notice is sent out by the applicant.*

Accordingly, we agree with the County, and the trial court, that notice required by section 65956, subdivision (b), was not given, because the County's notices did not contain language stating that the permits would be approved if the County did not act within 60 days.

2. *Legislative History*

Mahon's contentions in regard to statutory construction lead us to the same conclusion.

Mahon argues that the Legislature's concern in adding the "public notice required by law" condition to section 65956, subdivision (b), was merely to

assure public notice of the *project*, not the prospect of deemed approval. He notes that the amendment arose in response to *Palmer*, and in *Palmer,* he contends, the neighbors had not even received notice of the project until after the deemed approval had occurred. (See *Palmer, supra,* 178 Cal.App.3d at pp. 284–285, 292.) In addition, Mahon points us to the Senate Rules Committee analysis of Assembly Bill No. 1486, which indicates that the amendment was intended to provide "public notice on [applicants'] *permit applications*" and "to ensure that the public receives adequate public notice *of the project*." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1486 (1987–1988 Reg. Sess.) as amended Aug. 28, 1987, pp. 1–2, italics added.) In the matter before us, he argues, Mahon's neighbors were given notice of the *project*, and warning of deemed approval was not required.

We are not persuaded. Although the neighbors in *Palmer* had not been provided notice of the project, the concerns of the Legislature did not necessarily stop there. The relevant portion of the Senate Rules Committee analysis reads: "City attorneys note that the Act's intent to expedite permit decisions overlooks the fact that a project can be automatically approved even if it harms neighboring property or violates other laws. They want to ensure that the public receives adequate public notice of the project. Proponents cite a recent District Court of Appeal case which upheld the automatic approval of a permit for failure of a local agency to act within the time limits, but overturned the trial court's argument that proper notice and hearing should have been provided. [*Palmer*.] The <u>Palmer</u> case raised a number of ambiguities in the Act which many city attorneys believe should be clarified." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1486 (1987–1988 Reg. Sess.) as amended Aug. 28, 1987, p. 2, underscoring in original.) In virtually the next breath, the analysis set forth the proposed requirement that the applicant's notice include the statement that the project would be deemed approved if not timely acted upon. Under these circumstances, the snippet of legislative history on which Mahon relies does not compel an interpretation contrary to the plain meaning and logical import of the statutory language itself.

### 3. *Public Policy*

Mahon next argues that, if a statement warning of the potential for deemed approval is required for a permit to be deemed approved, local agencies could ensure that applicants rather than the agency will always bear the burden of providing such notice, by omitting the statement from their own notices. He contends this would "inject into the application process the very type of 'gamesmanship' that the PSA was enacted to curtail." (Citing *Palmer, supra,* 178 Cal.App.3d at p. 290.)

We do not agree. To the extent the burden of providing notice falls on the applicant, it is not the result of the "gamesmanship" of the agency, but the legislative recognition of the significant benefit the applicant obtains from deemed approval. The Act maintains the agency's obligation to provide the public notice required before a permit application may be approved in the *usual* course. (See § 65956, subd. (d).) But the Legislature plainly did not require the agency to provide as well the "public notice required by law" for a *deemed* approval. Instead, the statute merely requires that such notice *be given*—by the agency *or* the applicant—before a permit is deemed approved. Indeed, the fact that the statute specifies what the applicant, not the agency, must do in order to provide such notice indicates the Legislature's assumption that the applicant could (or would) be the one who provides it, as well as the Legislature's recognition that the applicant's interests, rather than the community interests, are served by automatic approval.

The applicant's burden in giving such notice is minimal, in light of the considerable benefit he obtains in having a permit approved within just 60 days—perhaps before the county's planning department has completed its review or resolved public concerns—notwithstanding the significant effect his project may have on the community. If an applicant wishes to avail himself of deemed approval, the statute requires him initially to advise the agency that he intends to do so. The agency may then be spurred to provide the "public notice required by law" itself, relieving the applicant of this chore. But even if it does not, the applicant can provide the public notice and preserve the potential for deemed approval. This process serves the purpose of the Act to avoid protracted delays in processing permit applications while protecting the interests of neighboring landowners. It is also consistent with the state's policy to involve affected property owners in land use decisions. (See §§ 65030, 65033, 65091, 65905.)

█ The language of subdivision (b) of section 65956, as well as its legislative history and attendant public policy, compels the conclusion that Mahon's permit applications were not deemed approved due to the lack of warning in the public notices of the potential for deemed approval. The trial court did not err in granting summary judgment to respondents.[4]

---

[4] Because the statutory language compels this conclusion, we need not and do not consider whether the adjoining landowners have a distinct due process right to notice of the potential for deemed approval.

## III. *DISPOSITION*

The judgment is affirmed.

Simons, J., and Gemello, J., concurred.

On June 19, 2006, the opinion was modified to read as printed above.