Filed 3/27/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ROBERT S. GREENFIELD et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> MANDALAY SHORES COMMUNITY ASSOCIATION, <br><br> Defendant and Respondent. | 2d Civil No. B281089 <br> (Super. Ct. No. 56-2016-00485246-CU-MC-VTA) <br> (Ventura County) |

One of the basic goals of the California Coastal Act of 1976 is to "maximize public access" to the beach. An appellate court is to liberally construe the Coastal Act to achieve this goal. Respondent Mandalay Shores Community Association has not erected a physical barrier to the beach but has erected a monetary barrier to the beach. (See *infra* at p. 3.) It has no right to do so.

Robert S. Greenfield and Demetra Greenfield appeal the denial of their motion for a preliminary injunction to stay the enforcement of a homeowner's association resolution banning short term rentals (STR ban) in Oxnard Shores. Appellants

contend that the STR ban violates the California Coastal Act (Pub. Resources Code, § 30000 et seq.)[1] which requires a coastal development permit for any "development" that results in a change in the intensity of use of or access to land in a coastal zone. (§§ 30600, subd. (a); 30106.) Respondent failed to get a coastal development permit before adopting the STR ban.

Denying the motion for preliminary injunction, the trial court remarked that "[t]he Superior Court is not the proper venue to assess whether or not Mandalay Bay HOA rules conflict with the Coast[al] Commission goals and plans. The parties should take this dispute to the Coastal Commission which has the authority and resources to develop a comprehensive plan to regulate the limited coastal beach front state asset."

We reverse. Section 30803, subdivision (a) of the California Coastal Act provides that "[a]ny person may maintain an action for declaratory and equitable relief to restrain any violation of this division . . . . On a prima facie showing of a violation of this division, preliminary equitable relief *shall be issued* to restrain any further violation of this division." (Italics added.)

*Facts and Procedural History*

Oxnard Shores is a beach community located in the Oxnard Coastal Zone. (§ 30103, subd. (a).) Non-residents have vacationed at Oxnard Shores for decades, renting beach homes on a short term basis.

Appellants own a single family residence at Oxnard Shores and, in 2015, started renting their home to families for

---

[1] Unless otherwise stated, all statutory references are to the Public Resources Code, also referred to as the Coastal Act.

rental periods of less than 30 days. The property is zoned R-B-1 (single-family-beach) pursuant to City of Oxnard's (City) Local Coastal Program Implementation Plan, which was approved by the Coastal Commission in 1982. (Oxnard Ordinances, § 17-10(B).) The R-B-1 zoning ordinance makes no mention of STRs. City has historically treated STRs as a residential activity and collected a Transient Occupancy Tax for short term rentals. In 2016, City announced that STRs are not addressed in the city code and that it was considering drafting an STR ordinance to establish standards for the licensing and operation of STRs.

Respondent, Mandalay Shores Community Association, is a mutual benefit corporation established for the development of Oxnard Shores, now known as Mandalay Shores. In June 2016, respondent adopted a resolution barring the rental of single family dwellings for less than 30 days. The STR ban affects 1,400 units and provides that homeowners who rent their homes "for less than 30 consecutive days will be levied incrementally. The first offense will result in a $1,000 fine; the second offense will result in a $2,500 fine; the third, and subsequent offenses will result in a $5,000 fine, per offense."[2]

In August of 2016, Andrew Willis, Regional Enforcement Supervisor for the Coastal Commission, sent a letter advising respondent that the STR ban was a "development" under the Coastal Act and required a coastal development permit. Willis requested that respondent work with the City of

_____

[2] This escalating fine structure for "offenses" sounds like respondent may think it is a governmental entity. At oral argument, Justice Perren remarked that it looked like respondent had appointed itself "Emperor of the Beach."

3

Oxnard and the Coastal Commission to "develop suitable regulations before taking action in the future related to short-term rentals in the community."

Appellants sued for declaratory and injunctive relief. (§ 30803.) The trial court denied an ex parte application for a temporary restraining order and thereafter conducted a hearing on appellants' motion for preliminary injunction. The trial court found that the STR ban was not a "development" within the meaning of the Coastal Act and denied the request for a preliminary injunction.

*Standard of Review*

Where the grant or denial of a preliminary injunction depends upon the construction of a statute, our review is de novo. (*Ciani v. San Diego Trust & Sav. Bank* (1991) 233 Cal.App.3d 1604, 1611.) ["T]he standard of review is not whether discretion was appropriately exercised but whether the statute was correctly construed. [Citation.]" (*Ibid*.) Section 30803, subdivision (a) states in pertinent part: "On a prima facie showing of a violation of this division, preliminary equitable relief *shall be issued* to restrain any further violation of this division." (Italics added.) Under section 30803, any person may bring a lawsuit to enjoin an activity that violates the Coastal Act. (*California Coastal Com. v. Quanta Investment Corp.* (1980) 113 Cal.App.3d 579, 610-611.) Because standing is conferred on "any person," (§ 30803, subd. (a)) it matters not when appellants started renting to short term tenants or that appellants can be adequately compensated for economic damages if the STR ban is found to be invalid at trial.

4

*Coastal Zone Development*

Enacted in 1976, the California Coastal Act is intended to, among other things, "[m]aximize public access to and along the coast and maximize public recreational opportunities to the coastal zone consistent with sound resources conservation principles and constitutionally protected right of private property owners." (§ 30001.5, subd. (c).) The Coastal Act requires that any person who seeks to undertake a "development" in the coastal zone obtain a coastal development permit. (§ 30600, subd. (a).) "Development" is broadly defined to include, among other things, any "change in the density or intensity of use of land . . . ." Our courts have given the term "development" "[a]n expansive interpretation . . . consistent with the mandate that the Coastal Act is to be 'liberally construed to accomplish its purposes and objectives.' [Citation.]" (*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 796.) "Development" under the Coastal Act "is not restricted to activities that physically alter the land or water. [Citation.]" (*Ibid.*)

Closing and locking a gate that is usually open to allow public access to a beach over private property is a "development" under the Coastal Act. (*Surfrider Foundation v. Martins Beach 1, LLC* (2017) 14 Cal.App.5th 238, 248-250 (*Surfrider*).) So is posting "no trespassing" signs on a 23-acre parcel used to access a Malibu beach. (*LT-WR, L.L.C. v. California Coastal Com.* (2007) 152 Cal.App.4th 770, 779, 805.)

In *Surfrider*, the landowner argued that a broad interpretation of the term "development" would lead to absurd results and require a coastal development permit if a homeowner wanted to throw a party. (*Surfrider, supra*, 14 Cal.App.5th at p.

254.)  Rejecting the argument, the Court of Appeal noted that the Coastal Act exempts certain activities such as "temporary events" that do not have a significant adverse impact on coastal resources.  (*Ibid.*, citing section 30610, subd. (i)(1).)  Such an exemption must be determined by the Coastal Commission executive director.  (*Ibid.*)  The Coastal Commission "shall, after public hearing, adopt guidelines to implement this subdivision to assist local governments and persons planning temporary events in complying with this division by specifying the standards which the executive director shall use in determining whether a temporary event is excluded from permit requirements pursuant to this subdivision."  (§ 30610, subd. (i)(1).)

Here the STR ban changes the intensity of use and access to single family residences in the Oxnard Coastal Zone.  STRs were common in Oxnard Shores before the STR ban; now they are prohibited.  The trial court found that if it did not issue a preliminary injunction, "arguably the public will be restricted in its access to the coast."

Respondent asserts that the STR ban is necessary to curtail the increasing problem of short term rentals which cause parking, noise, and trash problems.  STR bans, however, are a matter for the City and Coastal Commission to address.  STRs may not be regulated by private actors where it affects the intensity of use or access to single family residences in a coastal zone.  The question of whether a seven-day house rental is more of a neighborhood problem than a 31-day rental must be decided by City and the Coastal Commission, not a homeowner's association.

Respondent claims that the STR ban is consistent with City's R-G-1 zoning but points to nothing in the coastal

6

zoning ordinance that says that the rental of a single family dwelling for 29 days is prohibited.[3] The trial court stated that it is not in the business of tailoring STR rules. "That should be left for the City, which is in the process of considering amending its coastal zoning section to specifically deal with [STRs] and the Coastal Commission, which reviews any proposed amendment to the local coastal plan." We concur. The decision to ban or regulate STRs must be made by the City and Coastal Commission, not a homeowner's association. Respondent's STR ban affects 1,400 units and cuts across a wide swath of beach properties that have historically been used as short term rentals.

---

[3] Respondent asserts that the short term rental of a single family dwelling is a commercial use of property, similar to a bed and breakfast facility, and is subject to City's Coast Visitor-Serving Commercial Sub-Zone zoning ordinance. (Oxnard Ordinances § 17-18.) That ordinance regulates commercial/recreational activities in the coastal area such as skating rinks, amusement centers, boat rentals, night clubs, tourist hotels, motels, convention and conference facilities, and vacation timeshare developments. Section 17-18 makes no mention of bed and breakfast facilities or the short term rental of single family dwellings.

Respondent also argues that "family," as used in the R-B-1 "single family dwelling" zoning ordinance, does not include families living in short term rentals. City has never interpreted the R-B-1 zoning ordinance to ban STRs nor has the Coastal Commission. City's interpretation of its zoning ordinance is entitled to deference (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 219), as is the Coastal Commission's interpretation of the Oxnard Local Coastal Program. (*Hines v. California Coastal Com.* (2010) 186 Cal.App.4th 830, 849.)

A prima facie showing has been made to issue a preliminary injunction staying enforcement of the STR ban until trial. (§ 30803.)

*Disposition*

The judgment is reversed.  The trial court is ordered to enter a new order granting appellant's motion for preliminary injunction.  (§ 30803, subd. (a).)  No bond shall be required. (*Ibid*.)  Appellant is awarded costs on appeal.  Appellant's request for attorney fees under the private attorney general statute (see Code Civ. Proc., § 1021.5) is an issue to be decided in the first instance in the trial court on noticed motion.  (*Arden Carmichael, Inc. v. County of Sacramento* (2000) 79 Cal.App.4th 1070, 1079-1080.)

CERTIFIED FOR PUBLICATION.


YEGAN, Acting P. J.


We concur:


PERREN, J.


TANGEMAN, J.

Kent Kellegrew, Judge

Superior Court County of Ventura

_____

Ferguson Case Orr Paterson and Wendy Cole Lascher, Michael A. Velthoen, for Plaintiffs and Appellants.

Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez and Robert A. Bartosh, Seth P. Shapiro, for Defendant and Respondent.